*United States v. Ahuja*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand eighteen.

PRESENT:
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges,*
> JANE A. RESTANI,*
> > *Judge.*

---

United States of America,

> *Plaintiff-Appellee*,

> v.                                                          No. 17-2098-cv

Ajay S. Ahuja, MD,

> *Defendant-Appellant*.

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLEE:** | DAVID C. NELSON, Assistant United States Attorney (Alan M. Soloway, Marc H. Silverman, Assistant United States Attorneys, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT. |
| **FOR DEFENDANT-APPELLANT:** | Glenn A. Gazin, Law Office of Glenn Gazin, Stamford, CT. |

---

* Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Ajay Ahuja admitted liability for violating the Controlled Substances Act ("CSA") and its regulations. The district court principally imposed a $200,000 fine. Ahuja appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's award of civil penalties for abuse of discretion. *Advance Pharm., Inc. v. United States*, 391 F.3d 377, 398 (2d Cir. 2004). "A court abuses its discretion 'when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision-though not necessarily the product of a legal error or a clearly erroneous factual finding-cannot be located within the range of permissible decisions.'" *Slupinski v. First Unum Life Ins. Co.*, 554 F.3d 38, 47 (2d Cir. 2009) (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (footnote omitted)).

The district court did not abuse its discretion by ordering Ahuja's fine. When determining a civil penalty for violations of the CSA, the district court should consider: "(1) the level of defendant's culpability, (2) the public harm caused by the violations, (3) defendant's profits from the violations, and (4) defendant's ability to pay a penalty." *Advance Pharm., Inc.*, 391 F.3d at 399. Ahuja challenges the district court's findings in three of these categories.

### A. Culpability

A district court should consider the totality of the evidence when determining a defendant's culpability, including the "good or bad faith" conduct of a defendant. *Id.* Here, the district court's

conclusion that Ahuja was grossly negligent and therefore highly culpable is supported by the record. Ahuja admitted committing over 1,000 violations of the CSA in three years. These consisted of a complete failure to keep adequate records, conduct inventory, and maintain the security of the controlled substances in his medical clinic.[1] Although Ahuja kept some records, he admitted that the records were ineffective as they did not enable him to keep track of the drugs. Further, Ahuja could not account for 100 percent of his shipments for four different drugs. Ahuja asserts that he did not act willfully or intentionally and therefore was not highly culpable. But evidence of willfulness is not required by *Advance Pharmaceutical* to merit imposition of a high penalty. Rather, the district court is called upon to assess the totality of the evidence to determine the defendant's culpability. *See id.*

### B. Public Harm

A court must also consider the public harm caused by the defendant's actions, such as evidence that drugs have actually been used illegally. *Id.*; *see also United States v. Glob. Distribs., Inc.*, 498 F.3d 613, 620–21 (7th Cir. 2007) (conversion of drugs into a large amount of methamphetamine "cuts in favor of a stiff penalty"). Other considerations include the risk of side effects from the controlled substances and whether a defendant's violation made it impossible to tell if any drugs were diverted. Here, the evidence supports the district court's conclusion that Ahuja warranted a higher fine. Ahuja could not account for approximately $28,000 worth of controlled substances, which included over 5,000 pills and a significant percentage of the total amount of the drugs he received. His failure to keep proper records created a risk that patients

---

[1] Ahuja does not challenge the district court's calculation of the total number of individual violations. Rather, as discussed below, he challenges only the imposition of a $10,000 fine per violation. Because he does not argue that the district court's counting methodology was wrong, he has waived that issue. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). We therefore use the district court's calculation of the total number of violations.

could abuse their prescriptions and, in fact, did so; the impetus for the investigation was that one of Ahuja's patients had been "sharing" his alprazolam pills. Ahuja's lack of physical security for the drugs meant that unauthorized persons could easily access them, a conclusion supported by Ahuja's own theory that a secretary stole the drugs.

### C. Ability to Pay

A district court must also examine evidence of the defendant's financial condition and determine if he has the ability to pay. *Advance Pharm., Inc.*, 391 F.3d at 399–400. The district court's finding that Ahuja could pay a fine was supported by the record. Ahuja's salary ranged from approximately $150,000 to $200,000 per year. Although Ahuja argued that the lower figure was more accurate, he offered conflicting explanations for his higher 2014 income. Further, Ahuja owned stocks, but he failed to offer any evidence about the value of those stocks. Although Ahuja stated he suffered from health problems that would affect his ability to work, he did not offer any medical evidence about those problems. Ahuja argues that the district court erred by requiring him to prove his inability to pay a fine rather than requiring the Government to show that he could pay a fine. But Ahuja bore the burden of showing that he could not pay the fine. *See Motorola Credit Corp. v. Uzan*, 509 F.3d 74, 84–85 (2d Cir. 2007) (affirming civil fine imposed in part because the defendant had not shown an inability to pay).

We have considered all of Ahuja's remaining arguments and find them to be without merit. For the reasons stated, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court